UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENESIS ELDERCARE | : | CIVIL ACTION |
| REHABILITATION SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| BEAM MANAGEMENT, LLC | : | NO. 07-1843 |

MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                   April 8, 2008

     I.       PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, Genesis Eldercare Rehabilitation Services, Inc. (GRS), brought the instant

action against defendant, Beam Management, Inc. d/b/a Harmony Healthcare Rehabilitation

Center of Sarasota ("Beam") for breach of contract, for payment on a book account, and unjust

enrichment.  Plaintiff alleges that on March 17, 2006, GRS and Beam entered into a two-year

Therapy Services Agreement, pursuant to which GRS was to provide therapy services to patients

of a nursing home facility operated by Beam.  Plaintiff alleges that it provided services in

accordance with the agreement and Beam failed to make payments.

On May 7, 2007, Plaintiff commenced this action by filing a Complaint in the United

States District Court for the Eastern District of Pennsylvania.  On August 28, 2007, just three

days before the parties' Joint Rule 16 Memorandum was due, counsel for Beam filed a motion to

withdraw as counsel and to extend time to file the Joint Rule 16 Memorandum.  The Court

extended the time to file the Joint Rule 16 Motion through September 30, 2007.  On September

19, 2007, Beams's counsel requested an additional thirty days to retain substitute counsel, and

the Court granted the request. Beam's substitute counsel did not appear in the case until October

30, 2007 (ten days after the deadline set by the Court).  The Court ordered the parties to submit

their Joint Rule 16 Memorandum on or before November 30, 2007.  By way of order dated

December 13, 2007, the Court ordered the parties to complete discovery by March 1, 2008.

On December 27, 2007, GRS served its Initial Request for the Production of Documents

and Initial Interrogatories upon Beam.  Responses were due to the discovery requests on January

28, 2008.  Fed. R. Civ. P. 33(b) and 34(b).  Beam failed to respond to Plaintiff's discovery

requests and failed to serve its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).  After

attempting to resolve the issue with Defendant's counsel, GRS filed a motion to compel

responses to its discovery requests and Initial Disclosures.  Beam failed to respond to the Motion

to Compel.  On March 6, 2008, the undersigned issued an order granting the motion as

unopposed and ordering that Beam serve full and complete responses to Plaintiff's Initial

Request for the Production of Documents, Initial Interrogatories, and Initial Disclosures within

ten days.  In violation of the Order, Beam failed to serve its Initial Disclosures and failed to

respond to Plaintiff's discovery requests.  Currently pending before the Court is Plaintiff's

Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b).

II.     DISCUSSION

Pursuant to Fed. R. Civ. P. 37(b)(2), a court may impose sanctions on a party who fails to

obey an order entered under Rule 26(f).  The Rule provides that appropriate sanctions include an

order "refusing to allow the disobedient party to support or oppose designated claims or defenses,

or prohibiting that party from introducing designated matters in evidence" (Fed. R. Civ. P.

37(b)(2)(B)); "striking out pleadings or parts thereof" (Fed. R. Civ. P. 37(b)(2)(C)); and

"rendering a judgment by default against the disobedient party." Id.   The Third Circuit has instructed district courts to consider the following factors before entering a sanction of default judgment: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  See Poulis v. State Farm and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984).  Not all of the factors of this balancing test must be satisfied for default to be warranted.  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992).  In this case, Plaintiff argues that although entering default constitutes a significant sanction, it is warranted in this case given the delays caused by Beam, Beam's disregard for the Court's Orders, and Beam's apparent refusal to litigate.  We agree.

As detailed above, Beam initially caused a three month delay in this case while it retained new counsel.  Since that time Beam has refused to respond to any discovery requests in violation of the Court's Orders and has failed to respond to both GRS's Motion to Compel and to the instant Motion for Sanctions.  Beam's complete failure to respond even after discovery has closed has left Plaintiff unable to move forward in the case.  To date, no discovery has been provided or even promised in response to these motions.  Rather, the only contact from Beam was a plea from Beam's counsel during a telephone conference that we not enter default.  This non-compliance does not appear to be due to inadvertence or to be the fault of the attorney.  Rather, we agree with Plaintiff that Beam has demonstrated its complete neglect of its obligations as a litigant in this matter.

3

Given Beam's willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case. We are confident that a sanction such as the award of attorney fees would do nothing to suddenly prompt Beam's compliance with the Court's orders.

As to the meritoriousness of the claim, a court need only satisfy itself that "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 870. It is clear that according to the facts plead in this case, GRS would be entitled to recovery.

We therefore find that all six factors weigh in favor of the entry of default judgment. Beam's disregard of the Court's order warrants, at a minimum, a sanction prohibiting Beam from introducing any evidence which would be responsive to the interrogatories and requests for production of documents sought by GRS. Having reviewed the discovery requests to which Beam has failed to respond, we find that given that sanction, Beam would be completely unable to defend itself in this matter. We accordingly find that this case warrants both the striking of Defendant's answer and the entry of default judgment against Beam and in favor of GRS.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENESIS ELDERCARE          :          CIVIL ACTION
REHABILITATION SERVICES, INC.     :
                                 :
        v.                       :
                                 :
BEAM MANAGEMENT, LLC       :          NO. 07-1843


ORDER

AND NOW, this 8th day of April, 2008, upon consideration of the Motion of Plaintiff,

Genesis Eldercare Rehabilitation Services, Inc. (GRS) for Sanctions Pursuant to Federal Rule of

Civil Procedure 37(b), which was unopposed, it is hereby ORDERED that the Motion (docket #

19) is GRANTED and pursuant to Fed.R.Civ.P. 37(b)(2)(B) and (C), Defendant Beam

Management, Inc. d/b/a Harmony Healthcare Rehabilitation Center of Sarasota ("Beam") is and

shall be prohibited from introducing any evidence to support its defenses in this matter if such

evidence was the subject of GRS' interrogatories or requests for production of documents; and

        IT IS FURTHER ORDERED that Beam's Answer is stricken and default is entered

against Beam and in favor of GRS; and

        IT IS FURTHER ORDERED that GRS shall file a motion requesting default judgment

for an amount certain within fourteen days from the date of this Order.

                                        BY THE COURT:


                                        /s/Jacob P. Hart

                                        _____
                                             JACOB P. HART
                                        UNITED STATES MAGISTRATE JUDGE