UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENESIS ELDERCARE | : | CIVIL ACTION |
| REHABILITATION SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| BEAM MANAGEMENT, LLC | : | NO. 07-1843 |

MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                                                May 19, 2008

     I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, Genesis Eldercare Rehabilitation Services, Inc. (GRS), brought the instant action against defendant, Beam Management, Inc. d/b/a Harmony Healthcare Rehabilitation Center of Sarasota ("Beam") for breach of contract, for payment on a book account, and unjust enrichment. Plaintiff alleges that on March 17, 2006, GRS and Beam entered into a two-year Therapy Services Agreement, pursuant to which GRS was to provide therapy services to patients of a nursing home facility operated by Beam. Plaintiff alleges that it provided services in accordance with the agreement and Beam failed to make payments.

On May 7, 2007, Plaintiff commenced this action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania. On August 28, 2007, just three days before the parties' Joint Rule 16 Memorandum was due, counsel for Beam filed a motion to withdraw as counsel and to extend time to file the Joint Rule 16 Memorandum. The Court extended the time to file the Joint Rule 16 Motion through September 30, 2007. On September 19, 2007, Beams's counsel requested an additional thirty days to retain substitute counsel, and

the Court granted the request. Beam's substitute counsel did not appear in the case until October 30, 2007 (ten days after the deadline set by the Court). The Court ordered the parties to submit their Joint Rule 16 Memorandum on or before November 30, 2007. By way of order dated December 13, 2007, the Court ordered the parties to complete discovery by March 1, 2008.

On December 27, 2007, GRS served its Initial Request for the Production of Documents and Initial Interrogatories upon Beam. Responses were due to the discovery requests on January 28, 2008. Fed. R. Civ. P. 33(b) and 34(b). Beam failed to respond to Plaintiff's discovery requests and failed to serve its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a). After attempting to resolve the issue with Defendant's counsel, GRS filed a motion to compel responses to its discovery requests and Initial Disclosures. Beam failed to respond to the Motion to Compel. On March 6, 2008, the undersigned issued an order granting the motion as unopposed and ordering that Beam serve full and complete responses to Plaintiff's Initial Request for the Production of Documents, Initial Interrogatories, and Initial Disclosures within ten days. In violation of the Order, Beam failed to serve its Initial Disclosures and failed to respond to Plaintiff's discovery requests.

On April 8, 2008, this Court granted Plaintiff's unopposed Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b). We ordered that Beam's answer be stricken and that default be entered in favor of GRS and against Beam. In accordance with our Order, GRS has now filed a Motion for entry of default judgment in an amount certain. Once again Defendant, Beam, has failed to file any response.

II.     DISCUSSION

Along with the Motion for entry of default judgment in an amount certain, Plaintiff has

filed three affidavits.  The first is the affidavit of Christian R. Cuthbert, the Manager of Credit Collections for GRS.  According to the Complaint filed in this matter and Mr. Cuthbert's affidavit, the amount due from Beam to GRS under the contract is the principal sum of $372,682.70, together with interest in the amount of $87,414.50, through April 23, 2008 (exclusive of attorney's fees and expenses). Mr. Cuthbert's interest calculations at the rate set forth in the contract are also attached as an Exhibit to his Affidavit.  The second two affidavits are from Plaintiff's law firms.  According to the Affidavit of Paul Marino, Esquire, GRS has incurred attorneys' fees charged by the firm of Day Pitney in connection with this matter in the amount of $7,732.50 and expenses in the amount of $562.44 as of April 16, 2008.  According to the Affidavit of Frank R. Emmerich, Jr., Esquire., GRS has incurred legal fees charged by the law firm of Conrad, O'Brien, Gellman & Rohn in connection with this matter in the amount of $4,769.50 and 485.05 in expenses through March 31, 2008.

       This Court has already granted GRS' Motion for Sanctions and ordered that Beam's Answer be stricken and that default be entered.  GRS has now provided Beam with notice of this Motion for Default Judgment and once again Beam has failed to respond.  After reviewing the affidavits submitted along with this motion, we therefore will enter default judgement in the amount requested by GRS.  GRS requests in its proposed order that we enter default judgement on Count One (Breach of Contract) of the Complaint and dismiss Counts Two (Payment on Book Account) and Three (Unjust Enrichment) without prejudice.  However, since all three Counts pertain to the same principal damages, we enter default judgement on the Complaint and dismiss the action in its entirety with prejudice.

       An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENESIS ELDERCARE | : | CIVIL ACTION |
| REHABILITATION SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| BEAM MANAGEMENT, LLC | : | NO. 07-1843 |

ORDER

AND NOW, this 19th day of May, 2008, upon consideration of the Motion of Plaintiff, Genesis Eldercare Rehabilitation Services, Inc. (GRS) for Default Judgement Pursuant to Federal Rule of Civil Procedure 55(b)(2), which was unopposed, it is hereby ORDERED that the Motion (docket #36 ) is GRANTED and that final judgement be entered against Defendant, Beam Management, LLC (Beam), in the total amount of $478,335.27, comprised of the following:

(a) $460,097.20 for amounts owed under the therapy services agreement (principal plus interest through April 23, 2008);

(b) $13,549.49 for attorneys' fees and costs; and

(c) $4,688.58 in prejudgement interest on the principal amount outstanding under the therapy services agreement calculated at the per diem rate of $180.33 for the period between April 23, 2008 and the date of this Judgement; and

IT IS FURTHER ORDERED that beyond the date of this Order, post-judgement interest with respect to the total amount of the Final Judgement will continue to accrue at the rate allowed by law until the Judgement is paid in full; and

IT IS FURTHER ORDERED that the Complaint be dismissed with prejudice.

BY THE COURT:
/s/ Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE